THE UNITED STATES BANKRUPTCY COURT
DISTRICT OF MARYLAND
(GREENBELT DIVISION)

| | | |
|---|---|---|
| **In re:** | * | |
| **BAUSERMAN SERVICE, INC.** | | Case No. 18-24054-TJC |
| | * | Chapter 11 |
| **Debtor.** | * | |
| * * * * * * * * | | |
| **BAUSERMAN SERVICE, INC.** | * | Adv. No. _____ |
| 3900 Livingston Road | | |
| Indian Head, MD 20640 | * | |
| **Plaintiff,** | * | |
| **v.** | * | |
| **PSM HOLDINGS, LLC** | * | |
| c/o Miles & Stockbridge P.C. | | |
| 100 Light Street | * | |
| Baltimore, Maryland 21202 | | |
| | * | |
| **Defendant.** | | |
| _____ | * | |

**COMPLAINT SEEKING EXTENSION OF THE AUTOMATIC STAY UNDER
11 U.S.C. § 362(a) AND FOR INJUNCTIVE RELIEF PURSUANT TO 11 U.S.C. § 105(a)**

Bauserman Service, Inc., the above-captioned Debtor and Debtor-in-Possession and Plaintiff herein (the "Debtor"), pursuant to Federal Rule of Bankruptcy Procedure 7001 and 11 U.S.C. §§ 105(a) and 362(a), brings this Complaint seeking an injunction and/or an extension of the scope of the automatic stay to include *The Estate of Gilbert Bauserman* (the "Bauserman Estate"). In support of this Complaint, the Debtor states as follows:

1. This is an adversary proceeding commenced by the Debtor, pursuant to sections 105(a) and 362(a) of title 11 of the United States Code, Rule 7001(7) of the Federal Rules of

1

Bankruptcy Procedure and Rule 65 of the Federal Rules of Civil Procedure, made applicable hereto by Bankruptcy Rule 7065, seeing (i) extension of the automatic stay under section 362(a) of the Bankruptcy Code and/or (ii) injunctive relief under section 105(a) of the Bankruptcy Code, to enjoin PSM Holdings, LLC (the "Defendant" or "PSM") from foreclosing on real property contiguous to the Debtor's real properties that are owned by the Bauserman Estate.

2. This adversary proceeding presents the requisite unusual circumstances that justifies extension of the automatic stay and demonstrates that the Debtor is entitled to injunctive relief.

## The Debtor and the Chapter 11 Case

3. On October 23, 2018 (the "Petition Date"), the Debtor filed a voluntary petition for relief under Chapter 11 of title 11 of the United States Code.

4. The Debtor was incorporated under the laws of the State of Maryland, with its principal place of business in Charles County.

5. The Debtor owns and operates a public use airport located in Charles County, commonly known as the Maryland Airport.

6. The Debtor's principal asset consists of approximately 220 acres, more or less, of real property, improved, in part, by a 3,740 foot runway with aviation parking, terminal building, various hangars and a fueling station, contiguous to an additional 183 acres of land owned by Gilbert Bauserman before his passing on April 11, 2017.

7. Upon Mr. Bauserman's passing, his sole interest in the Debtor and in the Estate Properties (as defined below) vested in the Bauserman Estate. Tammy Potter is the personal representative of the Bauserman Estate.

8. Specifically, the Debtor owns the following real property:

| Tax ID No. | Property Description | Acreage According to SDAT | Liber / Folio |
|---|---|---|---|
| 07-037376 | Viars Property (located at 6515 Pomfret Road, La Plata, MD) | 1.95 Acres | Deed dtd 9/27/2010 Liber 7267, Folio 494 |
| 07-040393 | Johnson Property (located at 6550 Pomfret Road, La Plata, MD 20646) | .9656 Acres | Deed dtd November 29, 2001, Liber 7646, Folio 451 |
| 07-014481 | Moose Property (located at 6530 Pomfret Road, La Plata, MD 20646) | .96 Acres | Deed dtd June 24, 2001, Liber 7505, Folio 448 |
| 07-011741 | Cole Property (located at 3900 Livingston Road, Indian Head, MD 20640) | 1.75 Acres | Deed dated June 11, 2012, Liber 7826, Folio 51 |
| 07-009704 | Lot 1 and Parcel A (located at 3900 Livingston Road, Indian Head, MD 20640) | 214.82 Acres | Deed dated March 13, 2009, Liber 6793, Folio 39 |

(collectively, the "Airport Properties").[1]

9. The Bauserman Estate owns the following real property contiguous to the Airport Properties.

| Tax ID No. | Property Description | Acreage According to SDAT | Liber / Folio |
|---|---|---|---|
| 07-009666 | Located at 3830 Livingston Road | 3.83 and 9.81 Acres | Deed dtd 9/23/2013 Liber 8389, Folio 0019 |
| 07-084641 | Located on Livingston Road | 4.76 Acres | Deed dtd 9/23/2013, Liber 0839, Folio |

---

[1] The Liber and Folio and acreage information is subject to change, pending review of title of the Airport Properties and the Estate Properties.

3

|            |                           |              | 0007                                            |
|------------|---------------------------|--------------|-------------------------------------------------|
| 07-084633  | Located on Livingston Road | 69.33 Acres  | Deed dtd 9/23/2013, Liber 8389, Folio 0013      |
| 07-009739  | Located on Pomfret Road   | 110.52 Acres | Deed dated 6/21/1985, Liber 1072, Folio 0286    |
| 07-025807  | Located on Livingston Road | 1.08 Acres   | Deed dated 11/19/2002, Liber 3817, Folio 0596   |

(collectively, the "Estate Properties").

10. Mr. Bauserman intended the Estate Properties and the Airport Properties to be one assemblage of property constituting the Maryland Airport.

**The Secured Debt**

11. Beginning in 2001, Mr. Bauserman requested and obtained various loans from County First Bank, including (i) that certain Promissory Note dated October 17, 2001 from the Debtor to County First Bank in the original principal amount of $450,000.00; (ii) that certain Promissory Note dated June 17, 2003 from the Debtor to County First Bank in the original principal amount of $335,000.00; (iii) that certain Promissory Note dated June 24, 2011 from the Debtor to County First Bank in the original principal amount of $332,000.00; (iv) that certain Promissory Note dated September 12, 2013 from the Debtor to County First Bank in the original principal amount of $250,000.00; (v) that certain Promissory Note dated March 9, 2009 from the Debtor to County First Bank in the original principal amount of $230,000.00; (vi) that certain Promissory Note dated May 30, 2008 from the Debtor to County First Bank in the original principal amount of $221,000.00; (vii) that certain Promissory Note dated March 9, 2009 from the Debtor to County First Bank in the original principal amount of $100,000.00; (viii) that certain Promissory Note dated November 9, 2011 from the Debtor to County First Bank in the

4

original principal amount of $150,000.00; and (ix) that certain Promissory Note dated June 11, 2012 from the Debtor to County First Bank in the original principal amount of $40,000.00 (collectively, the "Loans").

12. The Loans are secured by one or more the Airport Properties and one or more of the Estate Properties.

13. The Loans are cross-collateralized, guaranteed and/or secured by the Debtor and the Bauserman Estate.

14. On or about June 3, 2016, in the matter styled *County First Bank v. Bauserman Service, Inc. and Gilbert Bauserman,* Case No. 08-C-16-001408 (Charles County, MD), County First Bank obtained a confessed judgment against the Debtor and Mr. Bauserman in the amount of $1,596,394.51, comprised of principal in the amount of $1,287,988.35, prejudgment interest in the amount of $236,042.47, attorney's fees in the amount of $50,656.96, and fees and costs in the amount of $21,706.73.

15. On or about August 9, 2016, in the matter styled *County First Bank v. Bauserman Service, Inc. and Gilbert Bauserman,* Case No. 08-C-16-001542 (Charles County), County First Bank also obtained a confessed judgment against the Debtor and Mr. Bauserman in the amount of $402,674.10, comprised of principal in the amount of $328,211.71, prejudgment interest in the amount of $66,067.22, attorney's fees in the amount of $1,673.00, and fees and costs in the amount of $6,297.06.

16. On or about November 16, 2017, County First Bank assigned all of its right, title and interest in and to the Loans and judgments to PSM.

17. On or about February 23, 2018, PSM filed a Foreclosure Action against the Estate Properties in the matter styled *Richard Costella et al. v. Tammy Potter, Personal Representative*

*of the Estate of Gilbert Bauserman,* Case no. C-08-cv-18-000202 (Charles County, MD) (the "Foreclosure Action").

18. A foreclosure sale of the Estate Properties is scheduled to be held on November 9, 2018.[2]

19. On September 18, 2018, PSM also obtained writs of execution against the Airport Properties and noted a sheriff's sale of the Airport Properties on November 9, 2018.

20. As of the Petition Date, the balance alleged to be due and owing by the Bauserman Estate and the Debtor under the Loans is approximately $2,175,796.46.

21. The Debtor and the Bauserman Estate obtained a contract to purchase the Airport Properties and substantially all of the Estate Properties for in excess of $4.5M

22. The contact is contingent on certain zoning modifications to Estate Properties such that the Estate Properties can be used with the Airport Properties for airport related and/or aviation related uses.

23. The contract purchaser will not purchase the Airport Properties unless it can also purchase the Estate Properties.

24. The Debtor has also received interest from other parties as well who will only purchase the Airport Properties and the Estate Properties as an assemblage.

25. It is clear that PSM is stayed by section 362(a) of the Bankruptcy Code from foreclosing or otherwise executing on its writ against the Debtor.  The Bauserman Estate should likewise be enjoined under the Bankruptcy Code and under the Federal Rules of Bankruptcy Procedure from foreclosing against the Estate Properties, as such action will have the effect of

---

[2] This Complaint is being filed out of an abundance of caution.  Upon information and belief, the Bauserman Estate was not properly served, or served at all, with the Foreclosure Action.

6

action against the Debtor and will cause significant harm, interference and impairment of the Debtor's efforts and ability to reorganize.

26. By motion filed contemporaneous herewith (the "Preliminary Injunction Motion"), the Debtor seeks entry of an order preliminarily enjoining the Foreclosure Action or other actions to obtain possession of the Estate Properties.

27. The relief sought by the Debtor is critical to the Debtor's ability to preserve the assets and value of the Debtor's enterprise for the benefit of creditors, including PSM, and its efforts to implement a plan of reorganization.

28. Enjoining the Foreclosure Sale is essential to the Debtor's ability to reorganize. It will not harm PSM because the Debtor will provide adequate protection to PSM while it focuses its efforts on selling the properties to satisfy the PSM indebtedness in full.

## Count I
## Injunctive Relief Under Section 362(a)

29. The Debtor repeats and realleges the allegations contained in paragraphs 1-28 as if fully set forth herein.

30. Sections 362(a)(1) of the Bankruptcy Code operates as a stay, "applicable to all entities," of "the commencement or continuation … of a judicial, administrative, or other action or proceeding against the debtor that was or could have been commenced before the commencement of the case under this title, or to recover a claim against the debtor that arose before the commencement of the case under this title."

31. Section 362(a)(3) of the Bankruptcy Code operates as stay, "applicable to all entities," of "any act to obtain possession of property of the estate or of property from the estate or to exercise control over property of the estate."

32. Unusual circumstances exist that require extension of the automatic stay to the Bauserman Estate.

33. Because the contract of sale is property of the estate, and because foreclosure of the Estate Properties would cause irreparable harm to the Debtor and its creditors, cause exists to extend the automatic stay under section 362 of the Bankruptcy Code to enjoin PSM from proceeding with the Foreclosure Action against the Estate Properties.

**WHEREFORE**, for the foregoing reasons, the Debtor respectfully requests entry of an Order extending the automatic stay of section 362 of the Bankruptcy Code to enjoin PSM Holdings, LLC from proceeding with the Foreclosure Action or by taking any other action to obtain possession of the Estate Properties, and grant such other and further relief as is just and appropriate.

## Count II
### Injunctive Relief Under Section 105(a)

34. The Debtor repeats and realleges the allegations contained in paragraphs 1-33 as if fully set forth herein.

35. Section 105(a) of the Bankruptcy Code provides that "[t]he court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title." Relief under section 105 of the Bankruptcy Code is particularly appropriate in a chaperer 11 case when necessary to protect a debtor's ability to effectively confirm a plan and to preserve the property of a debtor's estate.

36. The Debtor is entitled to a preliminary injunction under section 105(a) of the Bankruptcy Code, enjoining the Defendants from proceeding against the Bauserman Estate in the Foreclosure Action.

37. Unusual circumstances exist that demonstrate that the Debtor is entitled to an injunction.

38. Any harm suffered by PSM in delaying their ability to pursue the Foreclosure Action against the Bauserman Estate is vastly outweighed by the harm that would be suffered by the Debtor in the absence of an injunction.

39. The Debtor is also entitled to a preliminary injunction pursuant to Federal Rule of Civil Procedure 65 as: (a) the Debtor has a substantial likelihood of successfully reorganizing, (b) there is a substantial risk of irreparable harm to the Debtor if the automatic stay is not extended, (c) the harm to the Debtor outweighs the potential harm to the Defendant presented by the delay in foreclosing on the Estate Properties, and (d) injunctive relief would not violate public interest but would instead promote the likelihood that the Debtor can successfully reorganize.

**WHEREFORE**, for the foregoing reasons, the Debtor respectfully requests entry of an Order granting a preliminary injunction enjoining PSM Holdings, LLC from proceeding with the Foreclosure Action or by taking any other action to obtain possession of the Estate Properties, and grant such other and further relief as is just and appropriate.

Date:  October 29, 2018　　　　　　　　Respectfully submitted,

　　　　　　　　　　　　　　　　　　　　MCNAMEE, HOSEA, JERNIGAN, KIM
　　　　　　　　　　　　　　　　　　　　GREENAN & LYNCH, P.A.

　　　　　　　　　　　　　　　　　　　　**/s/ Steven L. Goldberg**
　　　　　　　　　　　　　　　　　　　　Steven L. Goldberg (Fed Bar No. 28089)
　　　　　　　　　　　　　　　　　　　　James M. Greenan (Fed Bar No. 08623)
　　　　　　　　　　　　　　　　　　　　6411 Ivy Lane, Suite 200
　　　　　　　　　　　　　　　　　　　　Greenbelt, Maryland  20770
　　　　　　　　　　　　　　　　　　　　Telephone:  (301) 441-2420
　　　　　　　　　　　　　　　　　　　　Facsimile: (301) 982-9450

sgoldberg@mhlawyers.com  
jgreenan@mhlawyers.com  
*Attorneys for Debtor*

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on this 29th day of October, 2018, a true and correct copy of the foregoing Complaint Seeking Extension of the Automatic Stay under 11 U.S.C. § 362(a) and for Injunctive Relief pursuant to 11 U.S.C. § 105(a) has been furnished by first class mail, and electronic transmission to:

Office of the United States Trustee  
Jeanne Crouse  
6305 Ivy Lane  
Suite 600  
Greenbelt, Maryland 20770

Patricia Jefferson  
Richard Costella  
Miles & Stockbridge, P.C.  
100 Light Street  
Baltimore, Maryland 21202

        /s/ Steven L. Goldberg  
        Steven L. Goldberg